IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DEBRA MANSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| LITOW & PECH, P.C., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, DEBRA MANSON, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, LITOW & PECH, P.C., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.   This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.   Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.   Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.   DEBRA MANSON, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Urbandale, County of Polk, State of Iowa.

5.   The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to GE Money Bank/Care Credit (hereinafter "GE").

6. The debt that Plaintiff allegedly owed GE was for a credit card, on which charges were incurred primarily for the personal use of Plaintiff and/or for household expenditure.

7. Upon information and belief, Precision Recovery Analytics, Inc., (hereinafter "Precision") acquired, purchased and/or otherwise obtained the debt Plaintiff allegedly owed GE.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. LITOW & PECH, P.C., (hereinafter, "Defendant") is a law firm engaged in the collection of debt within the State of Iowa. Defendant is incorporated in the State of Iowa.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

13. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

14. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.  ALLEGATIONS

15. On or about May 13, 2010, Defendant sent Plaintiff a correspondence in an attempt to collect a debt allegedly owed by Plaintiff to Precision.

16. The aforesaid correspondence was Defendant's initial communication with Plaintiff.

17. The aforesaid correspondence was dated May 13, 2010.

18. The correspondence stated "[y]ou have a right to correct this default until **June 03, 2010**. [i]f you do so, you may continue with the contract as through you did not default." (*Emphasis added*).

19. The correspondence further stated "[c]orrection of the default: [o]n or before **June 03, 2010**, pay the sum of $248.85 or the amount of all unpaid installments due at the time of tender, without acceleration, plus any delinquency or deferral charges, whichever is less." (*Emphasis added*).

20. The aforesaid correspondence then stated "[i]f you do not correct your default by the date stated above [June 03, 2010], we may exercise rights against you under the law."

21. June 3, 2010, was only twenty-one (21) calendar days after May 13, 2010, the date on the aforesaid correspondence.

22. The aforesaid statements conveyed that Plaintiff had twenty-one (21) days after her receipt of the aforesaid correspondence to make a payment towards the debt on which Defendant was attempting to collect.

23. The aforesaid statements contained in the correspondence overshadowed and obfuscated Plaintiff's right to dispute the debt she allegedly owed within thirty (30) days after Plaintiff's receipt of the aforementioned correspondence.

24.     The aforesaid statements contained in the correspondence overshadowed and obfuscated Plaintiff's right to seek validation of the debt she allegedly owed within thirty (30) days after Plaintiff's receipt of the aforementioned correspondence.

25.     In its attempts to collect the debt allegedly owed by Plaintiff to GE, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Contradicted, overshadowed and obscured the required validation/verification language required by §1692g(a) of the FDCPA by extraneous language contained in the letter sent by Defendant to Plaintiff, dated May 13, 2010; and,

   b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

26.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

### V.     JURY DEMAND

27.     Plaintiff hereby demands a trial by jury on all issues so triable.

### VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DEBRA MANSON, by and through her attorneys, respectfully prays for judgment as follows:

   a.     All actual compensatory damages suffered;

   b.     Statutory damages of $1,000.00;

   c.     Plaintiff's attorneys' fees and costs;

   d.     Any other relief deemed appropriate by this Honorable Court.

                              Respectfully submitted,
                              **DEBRA MANSON**

                         By:     s/ David J. Steen
                              Attorney for Plaintiff

Dated: December 22, 2010

David J. Steen
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (515) 724-3384
Facsimile: (888) 418-1277
E-Mail: dsteen@smithlaw.us